SEAN C. GALLAGHER, J., CONCURRING:
 

 {¶ 31} I concur fully with the majority, but write separately to address concerns regarding the outcome of this case.
 

 {¶ 32} First, I am acutely aware that this decision will result in Sykes's return to the institution. It is one thing to deny release, but another to revoke release after it has occurred. It is hard to argue that there is not something inherently unfair in such a process.
 

 {¶ 33} Next, I understand and I am sensitive to the concerns of the trial judge who made the decision to grant judicial release. While we find it was in error, it is understandable how a judge would review the progress Sykes made in the institution, as well as the judge's concerns about the nature of the original plea, and determine release was warranted. Nevertheless, as the majority opinion states, the law is clear that Sykes was not eligible.
 

 {¶ 34} This case serves as yet another example of the inherent problems associated with the Senate Bill 2 sentencing provisions from 1996. I have been a critic of Senate Bill 2 in the past, in part, for the lack of flexibility it brought to Ohio's sentencing scheme. While the opportunity for judicial release has been expanded since the original version of Senate Bill 2, it hardly creates the independent review of an offender's status that existed with the parole board under the prior law. Senate Bill 2 ended that process and brought us so-called "truth in sentencing," and the mandatory time provisions and the agreed sentence provisions leave little or no room for the subsequent retrospective evaluation of a sentence.
 

 {¶ 35} The lack of flexibility cuts both ways. In 2017, Ohio State student Regan Tokes was brutally murdered by Brian Golsby after Golsby was released from prison after completing a flat-time sentence for attempted rape. Although Golsby was under supervision at the time of the murder, there remains the lingering question of whether Golsby would have been released given his prior criminal history under the old law.
 

 {¶ 36} In any event, I concur fully with the majority opinion.